IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN JAMES HAMILTON,            )
                                 )
      Plaintiff,               )
                                 )
 -vs-                            )    Civil Action No. 19-337
                                 )
                                 )
ANDREW M. SAUL,                  )
COMMISSIONER OF SOCIAL SECURITY, )
                                 )
      Defendant.               )

AMBROSE, Senior District Judge

**OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 15 and 21). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 16 and 22). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 15) and granting Defendant's Motion for Summary Judgment. (ECF No. 21).

**I.     BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for supplemental security income benefits pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), David Cohen, held a video hearing on August 9, 2018. (ECF No. 11-2, pp. 39-69). On November 20, 2018, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 11-2, pp. 21-33).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 15 and 21). The issues are now ripe for review.

## II.     LEGAL ANALYSIS

### A.     Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Plaintiff's Statements

Plaintiff first argues that the ALJ's assessment of his subjective complaints is unsupported by substantial evidence.  (ECF No. 16, pp. 13-15). In considering the intensity, persistence, and limiting effects of an individual's symptoms (including pain), the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record.  SSR 16-3p.   Additionally, the ALJ will consider treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §§416.929(c), 404.1529(c); SSR 16-3p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.*  I must defer to the ALJ's determinations unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir.

3

1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

After a review of the record in this case, I find the ALJ correctly applied the above standard. (ECF No. 11-2, pp. 21-33). Contrary to Plaintiff's insinuation otherwise, the ALJ did not reject his statements "solely because the medical evidence did not substantiate his claims." (ECF No. 16, p. 13). Rather, the ALJ considered, *inter alia,* Plaintiff's statements and compared them to the medical record, the types and frequency of treatment sought by Plaintiff, treatment recommended to Plaintiff, his medications, the ability to ambulate without an assisted device, and activities of daily living in connection with all of the other evidence of record. *Id.* To that end, the ALJ found various inconsistencies. *Id.* Consistency with other evidence is a valid reason for discounting evidence. *See,* 20 C.F.R. §§404.1527; 416.927.

Further, I reject Plaintiff's contention that the ALJ did not appreciate the impairments facing Plaintiff. It is the responsibility of the ALJ to look at inconsistencies between the claimant's statements and the evidence presented in making his/her determination. *Id.* After a review of the record, I find that the ALJ explained, in detail, the inconsistencies he found in evaluating Plaintiff's statements in relation to all of the other evidence. (ECF No. 11-2, pp. 21-33). I further find there is substantial evidence to support his findings in this regard. Consequently, I find no merit to this assertion.

C. **Residual Functional Capacity (RFC)**[1]

Plaintiff next argues ALJ erred by improperly rejecting the opinions of a treating source and an examining source. (ECF No. 16, pp. 15-18). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source

---

[1] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a). In this case, the ALJ determined that Plaintiff has the RFC to perform sedentary work with various exceptions. (ECF No. 11-2, p. 27).

who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a

5

> treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In support of his argument, Plaintiff argues that the "416.927(c) factors favor the opinions of Dr. Magurno and Dr. Traud which are disabling." (ECF No. 16, p. 17). To be clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is misplaced.

Additionally, Plaintiff argues that the ALJ's reliance on the state agency opinion was improper because the opinion did not acknowledge all impairments and did not have access to medical records that occurred after rendering an opinion. (ECF No. 16, pp. 17-18). I disagree. An ALJ is entitled to rely upon the findings of an evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). Here, the ALJ specifically

6

acknowledged that Plaintiff's "knee impairment became acute after Dr. Guie gave his opinion on claimant's exertional limitations" and, therefore, afforded Dr. Guie's opinion only "some weight." (ECF No. 11-2, p. 31). After a review of the record, I find I am able to conduct a meaningful review of the ALJ's weighing of opinion evidence and that the ALJ's assessment is supported by substantial evidence. *Id.* Thus, I find no error in this regard. Consequently, remand is not warranted on this basis.

### D. Jobs in the National Economy - Step Five

Finally, Plaintiff asserts that the ALJ erred in finding that a significant number of jobs exist in the national economy that he could perform according to the RFC as defined by the ALJ. (ECF No. 16, pp. 18-20). At step five, the ALJ must determine if there exist a significant number of jobs in the national economy "in one or more occupations" with the residual functional capacity that a plaintiff is able to meet. 20 C.F.R. §416.966(b). In this case, the vocational expert (VE) testified that a person with Plaintiff's RFC could perform the occupations of:

1. Small package and envelope addresser, DOT 209.587-010, sedentary, unskilled, SVP 2, 95,000 jobs in the national economy;

2. Hand packer, DOT 559.687-014, sedentary, unskilled, SVP 2, 26,000 jobs in the national economy; and

3. Table worker, sedentary, unskilled, SVP 2, 739.687-182, 2,600 jobs in the national economy.

(ECF No. 11-2, pp. 64-65). The VE testified that his testimony is consistent with the DOT.[2] *Id*. In his decision, the ALJ found that the VE's testimony is consistent with the information contained in the DOT. (ECF No. 11-2, p. 33). Based on the same, the ALJ found that Plaintiff was not disabled. (ECF No. 11-2, p. 33).

---

[2] DOT stands for the Dictionary of Occupational Titles. *Zirnsak v. Comm. Of Soc. Sec.,* 777 F.3d 607, 616 (3d Cir. 2014). "'The DOT is a vocational dictionary that lists and defines all jobs available in the national economy and specifies what qualifications are needed to perform each job.'" *Id., quoting McHerrin v. Astrue,* Civil Action No. 09-2035, 2010 WL 3516433, at *3 (E.D. Aa. Aug. 31, 2010).

Plaintiff argues that the RFC as defined by the ALJ is "more consistent with GED Reasoning Level 1 than it is with GED Reasoning Level 2."[3]  (ECF No. 16, p. 19).  Plaintiff then speculates that "**if** Plaintiff is limited to GED Reasoning Level 1 jobs, the only job remaining…is that of table worker, for which….[there] is not work in significant numbers."  (ECF No. 16, p. 19)(emphasis added).  After a review of the evidence, I disagree.

In this case, the ALJ found Plaintiff has the RFC to perform sedentary work that was limited to, *inter alia,* "simple, routine, and repetitive tasks, which are not performed in a fast-paced production environment, involving only simple, work-related decision, and in general, relatively few workplace changes, i.e. occupations consistent with DOT SVP levels of one or two; and he must avoid occupations requiring no more than occasional supervision or no more than occasional interaction with coworkers or the general public."[4]  (ECF No. 11-2, p. 27). The Third Circuit has held that a reasoning level of 2 does not contradict a restriction to simple, routine, and repetitive tasks and declined to hold a *per se* conflict between a reasoning level and simple and repetitive tasks involving routine work. *Money v. Barnhart,* 91 F.Appx. 210, 215 (3d Cir. 2004); *cf. Zirnsak v. Colvin,* 777 F.3d 607, 618 (3d Cir. 2004).  In fact, "there is no bright-line rule stating whether there is a *per se* conflict between a job that requires level 3 reasoning and a finding that a claimant should be limited to simple and routine work." *Zirnsak v. Colvin*, 777 F.3d 607, 618 (3d Cir. 2014).

---

[3] A reasoning level is one of the three divisions of the general educational development. *Appx C,* Dictionary of Occupational Titles.  "Reasoning levels in the Dictionary of Occupational Titles range from level 1 to level 6" with level 1 being the lowest reasoning level and level 6 requiring the most reasoning. *Zirnsak v. Colvin*, 777 F.3d 607, 618 (3d Cir. 2014).  Reasoning level 1 involves applying commonsense understanding to carry out simple one- or two-step instructions in standardized situations with occasional or no variables on the job. *Appx C,* Dictionary of Occupational Titles.  Reasoning level 2 involves applying commonsense understanding to carry out detailed but uninvolved written or oral instruction in problems involving a few concrete variables in standardized situations. *Id.*

[4] As opposed to a GED reasoning level, a specific vocational preparation ("SVP") is "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." *Appx C,* Dictionary of Occupational Titles.  SVP levels 1 and 2 is defined as anything beyond short demonstration up to and including 1 month. *Id.*

Here, the ALJ asked the VE to consider a person with Plaintiff's limitations in the RFC set forth above, including "simple, routine, and repetitive tasks, which are not performed in a fast-paced production environment, involving only simple, work-related decision." (ECF No. 11-2, pp. 63-64). The VE testified that such a person could perform the jobs of small package and envelope addresser, a hand packer, and a table worker. (ECF No. 11-2, pp. 63-64). The VE further testified that her testimony was consistent with the DOT. (ECF No. 11-2 pp. 64-65). The fact that any of these jobs as a reasoning level of 2 does not contradict the RFC. The ALJ was entitled to rely upon the VE's testimony. SSR 00-04p. Based on the same, I find there is substantial evidence to support the ALJ's finding that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. Therefore, I find no error in this regard. As a result, I find Plaintiff's speculative argument in this regard is without merit and remand is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN JAMES HAMILTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 19-337 |
| ) | |
| ) | |
| ANDREW M. SAUL, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 3rd day of May, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 15) is denied and Defendant's Motion for Summary Judgment (ECF No. 21) is granted.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge

10